**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| STEFANIE GRAHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 14 CV 182 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| E-COM DISPATCH CENTER and, ) | |
| TEAMSTERS LOCAL UNION 700, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants' motions to dismiss Plaintiff's complaint [25, 27]. Plaintiff alleges race discrimination against her former employer and a union under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* For the reasons that follow, the Court grants both motions to dismiss.

**I.     Factual Background[1]**

Plaintiff Stefanie Graham was employed by Defendant E-COM Dispatch Center ("E-COM") and was affiliated with Defendant Teamsters Local Union 700 ("Local 700"). She was terminated from her employment on February 26, 2013. Plaintiff filed a seven-paragraph complaint that alleges three incidents involving her supervisor, Ms. Chiapano, prior to Plaintiff's termination.

First, on March 7, 2011, Ms. Chiapano gave Plaintiff a notice of insubordination; the notice was rescinded four days later. Second, on August 11, 2012, Plaintiff was suspended by Ms. Chiapano without cause after Plaintiff was temporarily absent from work for a surgery.

---

[1] The facts are drawn from Plaintiff's complaint. For purposes of Defendants' motions to dismiss, the Court assumes as true all well-pleaded allegations set forth therein. See *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

Finally, on February 18, 2013, Ms. Chiapano told Plaintiff to remove her tee-shirt because Ms. Chiapano found it "offensive." Plaintiff's tee-shirt read "black girls rock." About a week later, Plaintiff was terminated, supposedly, because she wore ear phones on the job and failed to follow orders. E-COM informed Plaintiff's union representative at Local 700 of the disciplinary action without Plaintiff's knowledge. Local 700 failed to contact Plaintiff about her termination, allegedly in violation of an unspecified duty owed to Plaintiff.

As to Defendant E-COM, Plaintiff avers that she was "the victim of disparate treatment * * * of workplace harassment, of humiliation, [ ] workplace embarrassment and * * * of intentional infliction of emotional distress." Compl. 2, ¶ 3. Plaintiff seeks $100,000 as well as her lost wages since being terminated. *Id.* at ¶ 4. As to Defendant Local 700, Plaintiff seeks $50,000 for "lack of union representation." *Id.* at 3, ¶ 3.

## II. Legal Standard

Defendants have moved to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6). The purpose of a motion to dismiss is not to decide the merits of the case, but instead to test the sufficiency of the complaint. See *Gibson v. City of Chi.,* 910 F.2d 1510, 1520 (7th Cir. 1990). As previously noted, when reviewing a motion to dismiss under Rule 12(b)(6), the Court takes as true all factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *Killingsworth,* 507 F.3d at 618.

To survive a Rule 12(b)(6) motion to dismiss, the claim first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the

claim must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). However, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the * * * claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555) (ellipsis in original). The Court reads the complaint and assesses its plausibility as a whole. See *Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011).

### III.   Analysis

Defendants argue that Plaintiff fails to state a claim because she does not provide sufficient allegations to support a plausible right to relief under Title VII. Defendant Local 700 also argues that Plaintiff may not bring suit against it because Plaintiff failed to file a charge against it or obtain a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"), as required. For the reasons that follow, the Court agrees with Defendants and concludes that the complaint must be dismissed.

*Twombly* established "two easy-to-clear hurdles" for a complaint in federal court: (1) the complaint must describe the claim in sufficient detail to give the defendant fair notice of the claim and the grounds upon which it rests, and (2) the allegations must suggest a plausible—not merely speculative—right to relief. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). Applying *Twombly* to employment discrimination claims, the Seventh Circuit in *Tamayo* "acknowledg[ed]

that a complaint must contain something more than a general recitation of the elements of the claim," but "reaffirmed the minimal pleading standard for simple claims of race or sex discrimination." 526 F.3d at 1084. Specifically, a complaint alleging employment discrimination "need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her [race]." *Id.* The complaint, however, "must actually *suggest* that the plaintiff has a right to relief," as "it is no longer sufficient for a complaint to *avoid foreclosing* possible bases for relief." *Id.* (quoting *Concentra Health Servs.*, 496 F.3d at 776) (emphasis in original). A complaint should also "contain information that one *can* provide and that is clearly important" in order to give the defendant fair notice of the claim. *Concentra Health Servs., Inc.*, 496 F.3d at 780 (emphasis in original). Plaintiff does not meet this pleading standard.

With respect to Defendant E-COM, Plaintiff does not allege that she was terminated because of her race, as is required to state a valid employment discrimination claim. See *Tamayo*, 526 F.3d at 1084. The complaint relays three incidents with Plaintiff's supervisor prior to her termination: a notice of subordination, a temporary suspension, and being asked to remove a tee-shirt that referenced race, which the supervisor allegedly found to be offensive. Plaintiff does not allege that her supervisor was motivated by racial animus or that the incidents had anything to do with Plaintiff's race. Nor does Plaintiff allege that the person who terminated her (who is unnamed in the complaint) acted on the basis of Plaintiff's race.

These allegations do not clear the two hurdles that *Twombly* described. See *Tamayo*, 526 F.3d at 1084. First, the complaint does not provide E-COM with sufficient notice of the grounds upon which Plaintiff's claim rests. Missing from the complaint is basic information about the claim, such as Plaintiff's own race, whether Plaintiff believes that she was terminated because of

her race, whether the stated reasons for termination were pretextual, and whether Plaintiff believes that her supervisor's actions were motivated by race. Second, without factual allegations that suggest that Plaintiff's experienced racial discrimination, the claim is not plausible.

Plaintiff's allegations with respect to Defendant Local 700 are likewise deficient. Under Title VII, it is unlawful for a labor organization:

> (1) to exclude or to expel from its membership, or otherwise to discriminate against, any individual because of his race[;]
> (2) to limit, segregate, or classify its membership or applicants for membership, or to classify or fail or refuse to refer for employment any individual, in any way which would deprive or tend to deprive any individual of employment opportunities, or would limit such employment opportunities or otherwise adversely affect his status as an employee or as an applicant for employment, because of such individual's race[;] or
> (3) to cause or attempt to cause an employer to discriminate against an individual[.]

42 U.S.C. § 2000e-2(c). The only allegation that Plaintiff makes with respect to Local 700 is that Plaintiff's "union representative was contacted by [E-COM] and informed of disciplinary action" but "[Plaintiff] was never contacted by the union with respect to disciplinary action, firing, or any representation thereto." Compl. 2–3, ¶¶ 1–2. Again, Plaintiff fails to allege that any action was taken because of Plaintiff's race. This is insufficient to state a plausible discrimination claim or to give Local 700 adequate notice of the claim.

Additionally, Plaintiff did not file a charge with the EEOC against Local 700. "Ordinarily, a party not named as the respondent in an EEOC charge may not be sued under Title VII." *Tamayo*, 526 F.3d at 1089. The purpose of this rule is to provide the charged party with warning of the alleged violation and to give the EEOC an opportunity to attempt conciliation before resort to the courts. See *id.* An exception applies where an unnamed party had adequate notice of the charge and had the opportunity to participate in conciliation proceedings. See *Metz*

*v. Joe Rizza Imports, Inc.*, 700 F. Supp. 2d 983, 989 (N.D. Ill. 2010) (quoting *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 126 (7th Cir. 1989)). Here, Plaintiff did not name Local 700 in the charge of discrimination that she filed with the EEOC on October 21, 2013. See [32], Ex. A. Nor does Plaintiff allege or argue that Local 700 was provided adequate notice of the charge, such as to invoke the exception to the general requirement of naming a defendant in an EEOC charge.

Plaintiff's claim against Local 700 also is time-barred at this point. A charge of employment discrimination must be filed with the EEOC within 300 days of the alleged unlawful employment practice. *Bass v. Joliet Public School Dist. No. 86*, 746 F.3d 835, 839 (7th Cir. 2014) (citing 42 U.S.C. § 2000e-5(e)(1)). If a charge is not filed within the 300-day window, the claim is time-barred and the plaintiff may not recover. *Id.* For Ms. Graham, the 300-day window for filing a charge related to Local 700's actions following her February 2013 termination has long passed.

In conclusion, the Court finds that Plaintiff fails to state a claim against Defendants E-COM and Local 700. Additionally, any claim against Local 700 under Title VII is now time-barred. Accordingly, the complaint is dismissed with respect to E-COM, but with leave to replead within 28 days, and dismissed with prejudice with respect to Local 700.

## IV. Conclusion

For the foregoing reasons, the Court grants Defendants' motions to dismiss the complaint [25, 27]. If Plaintiff believes that she can overcome the pleading deficiencies identified above, she may file an amended complaint against E-COM by January 6, 2015.

Dated: December 9, 2014

_____
Robert M. Dow, Jr.
United States District Judge