# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| STEFANY GRAHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 14 CV 182 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| E-COM DISPATCH CENTER, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

The Court previously dismissed without prejudice Plaintiff's complaint against her former employer, Defendant E-COM Dispatch Center ("E-COM"). Plaintiff filed an amended complaint [40] under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, which E-COM again moves to dismiss. The Court grants in part Defendant's motion to dismiss [41], as follows. To the extent that Plaintiff intended to bring a claim against her former supervisor, Jeanine Chiapano, that claim is dismissed. With respect to E-COM, the Court dismisses Plaintiff's retaliatory discharge claim but concludes that Plaintiff has stated a valid employment discrimination claim based on race. Also pending before the Court is Plaintiff's "motion in response to Defendant's motion for dismissal" [44]. That pleading is simply Plaintiff's brief in opposition to Defendant's motion to dismiss and is denied as moot in light of the Court's disposition of Defendant's motion.

**I.    Background**

The facts are drawn from Plaintiff's amended complaint [40]. For purposes of Defendant's motion to dismiss, the Court assumes as true all well-pleaded allegations set forth therein. See *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

Plaintiff Stefany Graham was employed by E-COM for six years until she was terminated on February 26, 2013. See Am. Compl. 2–3. Plaintiff's Title VII claims arise from an incident with her supervisor, Jeanine Chiapano, which allegedly led to Plaintiff's termination. In particular, on February 18, 2013, Plaintiff wore a tee-shirt that read "black girls rock" to work. *Id.* at 1. Ms. Chiapano told Plaintiff to remove the shirt immediately, even though E-COM does not have a policy prohibiting particular slogans or labels on clothing. *Id.* Plaintiff further alleges that Chiapano told her and other African-American employees that she found the tee-shirt to be offensive. *Id.* Plaintiff's complaints about the incident were ignored. See *id.* at 2.

Thereafter, and in the days leading up to her termination, Chiapano "seemed to harbor an ongoing resentment" towards Plaintiff, which "appeared to be race-tinged and motivated" because Plaintiff had "exhibited racial pride." See Am. Compl. 2. On February 26, 2013, about a week after the tee-shirt incident, Chiapano informed Plaintiff that she had been caught on video listening to music with headphones while on the job. *Id.* Plaintiff was sent home and suspended. *Id.* Shortly therefore, E-COM's attorney informed Plaintiff that she was terminated for "insubordination and the use of social earphone music on the job." *Id.* Plaintiff claims that these stated reasons were pretextual, and she denies ever using earphones while working. See *id.* at 3. Plaintiff contends that she actually was terminated because of her race, "especially due to the subsequent tensions that arose in the job environment following the racial insensitivity she experienced in the shirt incident." *Id.* Plaintiff further alleges that, prior to her termination, she had never been cited for insubordination (with the exception of one infraction in 2011 that was quickly rescinded). See *id.*

Although Plaintiff does not allege that she filed a complaint with the Equal Employment Opportunity Commission (the "EEOC"), Defendant attached to its motion the Notice of Charge

of Discrimination that it received from the EEOC on October 21, 2013. The charge alleges that E-COM discriminated against Plaintiff based on her race (African-American). See [41-2], EEOC Notice 2. The amended complaint does not contain particular counts, but its caption indicates that Plaintiff asserts an employment discrimination claim based on race and a retaliatory discharge claim. Plaintiff seeks $100,000 in damages. Am. Compl. 4.

## II. Legal Standard

Defendant has moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). The purpose of a motion to dismiss is not to decide the merits of the case, but instead to test the sufficiency of the complaint. See *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). As noted, when reviewing a motion to dismiss under Rule 12(b)(6), the Court takes as true all factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *Killingsworth,* 507 F.3d at 618.

To survive a Rule 12(b)(6) motion, the claim first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the claim must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). However, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what

the * * * claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555) (ellipsis in original). The Court reads the complaint and assesses its plausibility as a whole. See *Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011).

**III. Analysis**

Defendant first argues that any claim that Plaintiff seeks to bring against Ms. Chiapano is barred because Plaintiff failed to name her in the October 2013 EEOC charge that Plaintiff filed. It is not clear whether Plaintiff intended to name Chiapano as a defendant in the amended complaint. Chiapano was not named as a defendant in the original complaint, and the amended complaint does not contain any allegations specifying that she is a party. In addition, the docket does not indicate that a waiver of service has been returned for Chiapano or that a summons has been issued to her. Finally, the only mention of Chiapano as a defendant is contained in the caption of the amended complaint, which reads "Stefany Graham, Plaintiff vs. Jeanine Chiapano, E-com dispatch center et al, Defendants."

Plaintiff does not respond to the argument that Chiapano should be dismissed because she was not named in the EEOC charge. See [44], Pl.'s Mot. Instead, Plaintiff clarifies in her opposition brief that "Ms. Chiapano [was] named in the complaint as the plaintiff's supervisor *for purposes of accurate recounting of the facts*." *Id.* at 1 (emphasis added). Plaintiff also omitted Chiapano's name from the caption of her opposition brief. See *id.* Based on the foregoing, the Court concludes that Plaintiff does not wish to pursue a claim against Chiapano at this time. If Plaintiff wishes to name Chiapano as a defendant in the future, she may seek leave to do so, at which time Plaintiff will be required to address whether her failure to name Chiapano in the EEOC charge affects her ability to bring a claim against her. For all of these reasons, any

claim that Plaintiff intended to bring against Chiapano is dismissed.

The Court now turns to the claims that have been brought against E-COM. For the reasons that follow, the Court concludes that Plaintiff has adequately alleged an employment discrimination claim but has failed to state a valid retaliatory discharge claim.

As discussed in the Court's prior memorandum opinion, *Twombly* established "two easy-to-clear hurdles" for a complaint in federal court: (1) the complaint must describe the claim in sufficient detail to give the defendant fair notice of the claim and the grounds upon which it rests, and (2) the allegations must suggest a plausible—not merely speculative—right to relief. *Tamayo v. Blagojevich,* 526 F.3d 1074, 1084 (7th Cir. 2008) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). Applying *Twombly* to employment discrimination claims, the Seventh Circuit in *Tamayo* "acknowledg[ed] that a complaint must contain something more than a general recitation of the elements of the claim," but "reaffirmed the minimal pleading standard for simple claims of race or sex discrimination." 526 F.3d at 1084. Specifically, a complaint alleging employment discrimination "need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her [race]," *id.*, as such clams may be alleged "quite generally," *id.* at 1081. With that said, the complaint still "must actually *suggest* that the plaintiff has a right to relief," as "it is no longer sufficient for a complaint to *avoid foreclosing* possible bases for relief." *Id.* at 1084 (quoting *Concentra Health Servs.*, 496 F.3d at 776) (emphasis in original).

The amended allegations meet this pleading standard with respect to Plaintiff's employment discrimination claim. Specifically, Plaintiff alleges that her supervisor treated her unfairly and ultimately terminated her because she had shown pride in being African-American by wearing a tee-shirt that stated "black girls rock." Following this incident, Plaintiff alleges that

was "singled out" and harassed until she was terminated. Am. Compl. 2. Plaintiff also alleges that the given reasons for her termination—insubordination and wearing headphones while at work—were fabricated. Finally, Plaintiff alleges that she was fired "because of her race." *Id.* at 3. Unlike Plaintiff's original complaint, these allegations clear the two hurdles that *Twombly* described, because they include enough factual detail to provide fair notice and to state a plausible claim. See *Tamayo*, 526 F.3d at 1084.

The Court now turns to Plaintiff's retaliatory discharge claim. "Title VII prohibits employers from punishing employees for complaining about discrimination or other practices that violate Title VII." *Moser v. Indiana Dep't of Corrs.*, 406 F.3d 895, 903 (7th Cir. 2005 (citing 42 U.S.C. § 2000e-3(a)). Specifically, § 2000e-3(a) states:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees * * * because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

To ultimately prove retaliation, a plaintiff may rely on either the direct method or the indirect, burden-shifting method. *Moser*, 406 F.3d at 903 The direct method requires Plaintiff to show that: "(1) she engaged in statutorily protected activity; (2) she suffered an adverse employment action taken by the employer; and (3) a causal connection between the two." *Id.* Alternatively, a plaintiff may establish a *prima facie* case of retaliation by showing that "(1) she engaged in a statutorily protected activity; (2) she met the employer's legitimate expectations; (3) she suffered an adverse employment action; and (4) she was treated less favorably than similarly situated employees who did not engage in statutorily protected activity." *Id.* The burden then shifts to the defendant to present evidence of a non-discriminatory reason for its employment action, at which point the burden shifts back to the plaintiff to demonstrate that the defendant's reason is

pretextual. See *id.* at 904. Under either method, the statutorily protected activity in which the employee engaged "can range from filing formal charges to voicing informal complaints to superiors," *Casna v. City of Loves Park*, 574 F.3d 420, 427 (7th Cir. 2009) (emphasis omitted) (quoting *Hertz v. Luzenac A., Inc.*, 370 F.3d 1014, 1015 (10th Cir. 2004)), or may include testifying, assisting, or participating in an investigation, proceeding, or hearing under Title VII, see § 2000e-3(a).

As discussed above, the Seventh Circuit has reaffirmed the minimal pleading standard that applies to Title VII claims; a valid claim, however, still "must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level," *Tamayo*, 526 F.3d at 1084 (quoting *Concentra Health Servs.*, 496 F.3d at 776) (emphasis in original). Plaintiff does not meet this pleading standard, with respect to her retaliatory discharge claim.

To begin, Plaintiff does not sufficiently allege that she engaged in a statutorily protected activity that somehow was linked to her termination. Plaintiff makes only one vague reference to "complaints to administration" after the tee-shirt incident, Am. Compl. 2, and there are no allegations that state or suggest that E-COM's motive for terminating Plaintiff was retaliatory for any such complaints. As noted, Plaintiff did file an EEOC complaint, but only after she was terminated. Finally, in her opposition brief, Plaintiff writes that the statutorily protected activity in which she engaged "was the exercise of free symbolic speech while on the job." [44], Pl.'s Mot. 1. This action does not qualify as a statutorily protected activity under Title VII, however, as it did not involve a complaint about discrimination, see *Casna*, 574 F.3d at 427, or one of the enumerated protected activities set forth in § 2000e-3(a). In sum, because Plaintiff has not sufficiently alleged that her termination was linked to any protected activity, Plaintiff's

retaliatory discharge claim must be dismissed.

**IV.     Conclusion**

For the reasons stated above, Defendant's motion to dismiss [41] is granted in part and denied in part.  To the extent that Plaintiff intended to bring a claim against Ms. Chiapano, that claim is dismissed.  With respect to Defendant E-COM, the Court dismisses Plaintiff's retaliatory discharge claim and allows her employment discrimination claim to proceed.  Plaintiff's pending motion [44] is denied as moot in light of the Court's disposition of Defendant's motion.  This case is set for further status hearing on May 27, 2015 at 9:00 a.m.

Dated: May 8, 2015

_____
Robert M. Dow, Jr.
United States District Judge