IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STEFANIE GRAHAM, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 14-cv-182 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| E-COM DISPATCH CENTER et al. | ) | Magistrate Judge Michael T. Mason |
| | ) | |
| Defendants. | ) | |

## ORDER

For the reasons stated below, The Court accepts Magistrate Judge Mason's recommendation [see 107] that this case be dismissed for want of prosecution and thus, consistent with that action, grants Defendant's motion to dismiss [109]. The Court denies Defendant's motion to bar witnesses and evidence [93] as moot. A separate document reflecting a final judgment will be entered on the docket pursuant to Federal Rule of Civil Procedure 58. Civil case terminated. As it appears that counsel for Plaintiff is not an e-filer, the Court directs the Clerk to mail a copy of this order to plaintiff's counsel Michael J. Moore at his last known address, 116 West Elm. #314, Chicago, IL 60610. Defense counsel shall also make all reasonable efforts to forward a copy of this order to Mr. Moore.

## STATEMENT

This matter is before the Court pursuant to (1) the recommendation of Magistrate Judge Mason [see 107] that the Court dismiss this case for want of prosecution, (2) this Court's rule to show case order [108] directing counsel for Plaintiff to show cause in writing no later than June 7, 2016 why the case should not be dismissed, and (3) Defendant's motion to dismiss for want of prosecution [109], filed after the deadline for responding to the rule to show cause had passed. In an abundance of caution, the Court gave counsel for Plaintiff a final deadline of June 28, 2016 to file and serve his response to the rule to show cause. As of today—more than one month and two weeks after the original deadline and more than three weeks after the extended deadline—no response has been filed on the docket.[1]

---

[1] The Courtroom Deputy recalls encountering counsel for Plaintiff on June 8, 2016, outside her office as she was preparing to bring into the courtroom several dozen prospective jurors for the start of a criminal trial. At that time, counsel handed her a document. The Courtroom Deputy reminded counsel to be sure to file the document in the Clerk's Office. That document has been misplaced and never made its way to either the undersigned or the law clerk assigned to this case. Once it became clear that the document could not be located, the Courtroom Deputy followed up by leaving voicemail messages and by mailing a copy of the June 21, 2016 order [111] extending the deadline for filing the response. In any event, tendering a courtesy copy to the Court's staff is *not* a substitute for filing a document in the Clerk's Office or for serving that document on opposing counsel—neither of which happened in this instance.

Dismissal for want of prosecution "is an extraordinarily harsh sanction that should be used only in extreme situations, when there is a clear record of delay or contumacious conduct, or where other less drastic sanctions have proven unavailing." *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 561 (7th Cir. 2011) (quotation marks and citation omitted). The Seventh Circuit instructs the Court to consider a number of factors, including "the frequency of the plaintiff's failure to comply with deadlines; whether the responsibility for mistakes is attributable to the plaintiff herself or to the plaintiff's lawyer; the effect of the mistakes on the judge's calendar; the prejudice that the delay caused to the defendant; the merit of the suit; and the consequences of dismissal for the social objectives that the litigation represents." *Id.* (citation omitted). As the docket entries in this case reflect, counsel for Plaintiff has repeatedly missed court dates and deadlines and has generally frustrated the efforts of defense counsel and both assigned judges to move this case forward in a timely fashion. Judge Mason's most recent orders [106, 107] set out the procedural history in detail, but the short version is that the assigned judges have admonished Plaintiff's counsel on many occasions [see, *e.g.*, 39, 96, 99] to give proper attention to this case and counsel has fallen woefully short of the Court's reasonable expectations for doing so [see, *e.g.*, 53, 61, 65, 88, 106]. Considering this behavior is more attributable to Plaintiff's counsel rather than Plaintiff herself, the Court has repeatedly sought, as far back as January 2015, to remind Plaintiff's counsel to adhere to very basic standards of lawyering, such as following rules, meeting deadlines, and seeking extensions of deadlines *before* not *after* the deadline has passed. [See 39]. This long history of delay and delict finally culminated in Judge Mason's sanctions order [106] and dismissal recommendation [107].

Suffice to say, based on the extensive record to date, counsel for Plaintiff would have faced a steep climb had he attempted to dig out of the hole created by his habitual inattention to this case. The fact that he has not managed either to file and serve a response to the rule to show cause or even to appear in court on the presentment date for Defendant's motion to dismiss, however, makes the decision to take the admittedly drastic step of dismissing the case for want of prosecution easier to countenance. Considering all the circumstances of the case, including the societal interests in addressing on the merits allegations of racial discrimination in the workplace, the Court has consistently sought other means to get Plaintiff's counsel to comply with the Court's orders. Both assigned judges have been extremely patient with counsel and have followed the recommended course of cajoling, threatening, and ultimately sanctioning counsel in an effort to obtain compliance with orders and deadlines. See *Aura Lamp & Lighting, Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003). As the Court has stated and written on many occasions, there is a strong preference in this circuit for litigating cases on the merits and the Court therefore indulges every reasonable avenue to achieve that end. See *Kasalo*, 656 F.3d at 561. But even the most patient of judges has a breaking point, and that point has been passed in this case.

Accordingly, the Court accepts Magistrate Judge Mason's recommendation that this case be dismissed for want of prosecution and thus, consistent with that action, grant's Defendant's motion to dismiss [109]. The Court denies Defendant's motion to bar witnesses and evidence [93] as moot. A separate document reflecting a final judgment will be entered on the docket pursuant to Federal Rule of Civil Procedure 58. Civil case terminated. As it appears that counsel for Plaintiff is not an E-filer, the Court directs the Clerk to mail a copy of this order to plaintiff's counsel Michael J. Moore at his last known address, 116 West Elm. #314, Chicago, IL

60610. Defense counsel shall also make all reasonable efforts to forward a copy of this order to Mr. Moore.

Dated: July 22, 2016

_____
Robert M. Dow, Jr.
United States District Judge